## United States District Court

## Northern District of Ohio

## Eastern Division

Kirkland L. Bryant III,

Plaintiff

v.

Kelly L. Stephens,

Clerk of Court,

United States Court of Appeals for the Sixth Circuit,

Defendant

FILED

MAR 11 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

**4:26 CV 00589**

**JUDGE CALABRESE**

**MAG JUDGE GRIMES**

I.) Complaint for Declaratory, Injunctive, and Monetary Relief to Redress the Past and Prevent Future Deprivation

### Jurisdiction and Venue

This action arises under the United States Constitution:

    A.) Fifth Amendment – Due Process

    B.) Equal Protection / Access to Courts

Jurisdiction is proper under:

    A.) *__28 U.S.C. § 1331__*

    B.) *__Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).__*

Venue is proper in the Northern District of Ohio under 28 U.S.C. § 1391(e) because the events occurred within this District.

### Parties

**Plaintiff:**

Kirkland L. Bryant III is a citizen of the United States and is a litigant in a Federal Direct Appeal proceeding originating from the Northern District of Ohio.

**Defendant:**

Kelly L. Stephens, Clerk of Court, United States Court of Appeals for the Sixth Circuit, acting under federal authority in performing docketing and appellate classification functions. This is all part of the Federal Judicial Process.

### Statement of Facts

A.) Plaintiff filed a Direct Appeal – Docketed: 3/21/25

B.) Defendant improperly designated and processed the Appeal as a post-conviction matter, rather than as a Direct Appeal, as clearly indicated in Plaintiff's pleadings.

C.) This wrongful classification:

- Altered the application's legal standards

- Restricted Plaintiff's appellate rights

- Affected the scope of review

- Counsel was not assigned in violation of 18 U.S.C. § 3006A(c).

- Legal transcripts were not provided, despite being properly requested on 3/21/25, following docketing procedures.

- Defendant, Kelly L. Stephens, filed an order (Exhibit A) on September 30, 2025, indicating that she failed to designate Plaintiff's Direct Appeal correctly.

- Plaintiff was entitled to the appointment of counsel under 18 U.S.C. § 3006A(c).

- Plaintiff was entitled to legal transcripts.

- Plaintiff's Sixth Amendment right to assistance of counsel was wholly denied, creating a complete breakdown in the adversarial process.

Defendant did act negligently because she:

- Administratively updated the docket to reflect the Direct Appeal designation

- Locked the docket and the previously filed briefs

- Appointed counsel after the briefing period

This was a plain "ministerial act," depriving the Plaintiff of his right to access the Courts.

### The Non-Controverted Facts Are:

Refer to *Exhibit D*

- **3/21/25:** Notice filed by Appellant – Mr. Kirkland L. Bryant III – Transcripts needed. Plaintiff formally requested transcripts from the 2/13/25 evidentiary hearing, but the District Court failed to provide them, obstructing his ability to mount his defense or file proper objections.

- **4/10/25:** Brief filed by Mr. Kirkland L. Bryant III. Certificate of Service (4/08/25) – [edited 9/30/25 by RGF].

- **6/3/25:** Appellee brief filed by Mr. Daniel R. Ranke for the U.S.A. Certificate of Service (6/3/25) – [edited 9/30/25 by RGF].

- **6/23/25:** Reply brief filed by Mr. Kirkland L. Bryant III. Certificate of Service (6/18/25) – [edited 9/30/25 by RGF].

Plaintiff completed all Appellant briefs in exchange with the Government.

Defendant did not weigh the interest of justice by allowing the A.U.S.A. to review Plaintiff's briefs, exposing his issues addressed throughout his reply briefs, which was a violation of Plaintiff's Fifth Amendment Due Process of Law.

The A.U.S.A. responded to Plaintiff's briefs incorrectly by applying the standard of a § 2255 post-conviction ineffective assistance of counsel claim. This issue arose from Clerk of Court Kelly L. Stephens' wrongful classification of the appeal. See **Exhibit E.**

In his first argument, AUSA Mr. Daniel R. Ranke specifically quotes:

"First, he must show that counsel's performance fell below an objective standard of reasonableness." ***Strickland v. Washington, 466 U.S. 668, 687–88 (1984).***

"The United States of America, through undersigned counsel, conceded error based on the present record... Whether Kirkland Bryant's trial counsel performed in a constitutionally effective manner by

providing 'meaningful adversarial testing' of Bryant's competency as required by *United States v. Cronic, 466 U.S. 648, 659 (1984)*. Therefore, under *United States v. Ross, 703 F.3d 856, 874 (6th Cir. 2012)*, the Government respectfully requests that this Court remand this case to the District Court for an evidentiary hearing to determine whether counsel satisfied the 'Cronic Standard.'" See *Exhibit F.*

## Statement of the Issue

Mr. Bryant did not stipulate or agree to the competency report because his own attorney failed to provide or explain the psychologist's findings. Counsel never consulted with Mr. Bryant prior to the competency hearing nor implemented a defense strategy. Worse yet, counsel was not present at the time of the evidentiary hearing to address his deliberate indifference to his client.

As held in **United States v. Cronic, 466 U.S. at 659**, and *United States v. Ross, 703 F.3d at 874*, this was a critical stage of the trial. The Government's interest in efficiency does not override a defendant's right to participate in adversarial testing.No meaningful adversarial process equals a constitutional breakdown, which equals an automatic reversal.

Defendant caused a genuine issue of material fact for liability by deliberately editing the docket on the following dates:

- **4/10/25** – [edited 9/30/25 by RGF]
- **6/3/25** – [edited 9/30/25 by RGF]
- **6/23/25** – [edited 9/30/25 by RGF]

Plaintiff completed the Appellant brief exchange with AUSA Ranke. Defendant manipulated the docket with the intent to deceive all parties into believing that the lock was placed on the docket prior to all parties completing the Appeal Briefing Schedule.

This meritorious claim concludes that the Clerk denied Mr. Bryant the right to access the Courts as a result of her ministerial act. See *Boddie v. Connecticut, 401 U.S. 371, 376, 91 S. Ct. 780, 785, 28 L. Ed. 2d 113 (1971)*. Due Process protects access to the Courts.

Clerks are not entitled to immunity when arguing quasi-judicial immunity for acts not basic to

the judicial function.

Kelly L. Stephens failed to perform ministerial duties, thereby taking Plaintiff's right to access the Courts, a guaranteed and protected right of the Constitution. Her conduct rose to a level of deprivation that includes intentional, deliberate, and arbitrary misconduct.

Plaintiff's valid claim is based upon the Clerk's misconduct, which violated her legal training in order to sweep the due process violation under the rug, and unreasonably burdened Plaintiff's right to petition the government for redress of grievances. See ***Davis v. Passman, 442 U.S. 228, 99 S. Ct. 2264, 60 L. Ed. 2d 846 (1979)***. The Supreme Court has permitted ***Bivens*** actions against federal officers for violations of the Fifth Amendment Due Process Clause.

This deliberate conduct is the cause of action created by ***Bivens***, designated to protect individuals from abusive use of government power. ***Bivens, 403 U.S. at 391–95.***

### *Exhibit List*

- **Exhibit A:** Letter from the Clerk (9/3/25)

- **Exhibit B:** Legal Complaint against Clerk of Courts (11/10/25)

- **Exhibit C**: Appointment of Attorney "Terra Bay" (10/8/25)

- **Exhibit D:** Docket pins for each date specifically (10/8/25)

- **Exhibit E:** Government Argument (6/3/25)

- **Exhibit F:** AUSA Concedes Error on Appeal

    Plaintiff has exhausted all administrative remedies.

### **Relief Requested**

Plaintiff respectfully requests that this Court:

A) Declare that Defendant has violated Plaintiff's constitutional rights;

B) Issue injunctive relief ordering correction of the appellate decision;

C) Grant mandamus relief compelling proper docketing and processing of Plaintiff's complaint;

D) Award compensatory damages;

E) Award punitive damages;

F) Award costs and any other relief this Court deems just;

G) Grant damages for overall injury in the amount of $2,000,000.00 USD.

## Jury Demand

- Trial by jury on all issues so triable.

## Certification and Closing

Under Federal Rule of Civil Procedure, I certify that all information is supported accurately with evidence for proper use.

Respectfully Submitted,

Kirkland L. Bryant III

Signature: _Kirkland Bryant_

Date: _2-22-2026_