# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| KIRKLAND L. BRYANT, III, | ) | Case No. 4:26-cv-589 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | James E. Grimes, Jr. |
| KELLY L. STEPHENS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## OPINION AND ORDER

Plaintiff Kirkland L. Bryant, III, a federal detainee currently incarcerated at Northeast Ohio Correctional Center, filed this action without a lawyer against Kelly L. Stephens, Clerk of Court for the United States Court of Appeals for the Sixth Circuit. Plaintiff claims that Defendant improperly docketed his direct appeal as an appeal seeking post-conviction relief, which allegedly resulted in Plaintiff not being provided a copy of the transcript or appointed counsel. (ECF No. 1.) Plaintiff seeks declaratory, injunctive, mandamus, and monetary relief. Defendant filed a motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which remains unopposed. (ECF No. 6.)

## BACKGROUND

On October 22, 2020, Mr. Bryant was indicted for numerous drug and firearms charges in *United States v. Bryant*, No. 5:20-cr-00694 (N.D. Ohio Oct. 22, 2020) ("*Bryant I*"). He pled guilty to Counts 1 through 8 of the indictment. (*Bryant I*, ECF

No. 44.)  The Court continued Mr. Bryant's sentencing hearing and referred him for a competency evaluation.  (*Id.*, ECF No. 94.)  On November 9, 2022, the Court adopted the report of the forensic psychologist finding Mr. Bryant competent and sentenced him to a total prison term of 185 months.  (*Id.*, ECF No. 96.)   Mr. Bryant appealed.  (*See United States v. Bryant*, No. 22-3969 (6th Cir. Nov. 17, 2022) ("*Bryant II*").)

On June 24, 2024, the Sixth Circuit Court of Appeals remanded the matter to the district court to conduct an evidentiary hearing to determine whether Mr. Bryant's counsel was constitutionally ineffective during his competency hearing. (*Id.*, ECF No. 38.)  On remand, the Court appointed counsel and ordered a second competency hearing.  (*Bryant I*, ECF No. 124; ECF No. 129.)  On February 13, 2025, the Court conducted a competency hearing and found Mr. Bryant, represented by counsel, was competent at the time of sentencing in November 2022. (*Id.*, ECF No. 135.)   Further, the Court found Mr. Bryant's original trial counsel was not ineffective for failing to pursue an argument of incompetency. (*Id.*, ECF No. 137.)

On March 13, 2025, Bryant, proceeding without a lawyer, filed a "Motion to Appeal/Affidavit" with the Sixth Circuit.  (*Bryant I*, ECF No. 140; *see United States v. Bryant*, No. 25-3201 (6th Cir. Mar. 13, 2025) ("*Bryant III*").)   The Court set a briefing schedule, and the parties filed their respective briefs.  (*Id.*, ECF No. 3; ECF No. 6; ECF No. 10; ECF No. 11.)  According to Mr. Bryant, the Sixth Circuit did not properly docket his case as a direct appeal.  Instead, the appellate court docketed it as a post-conviction petition.  As a result, he was not provided a copy of the transcript or appointed counsel.  (ECF No. 1; PageID ##2–3.)  On September 30, 2025, the Clerk

2

of the Sixth Circuit discovered the docketing error, advised the parties of it, updated the docket to reflect the direct appeal designation, locked the docket of the previously filed briefs, and advised that the Court will appoint counsel. (*See Bryant III*, ECF No. 12.) On March 2, 2026, the Sixth Circuit appointed new counsel. (*Id.*, ECF No. 31.) On October 16, 2025 and March 4, 2026, the Sixth Circuit docket indicated "Transcript Order filed – transcript is already on file in the District Court Clerk's Office." (*Id.*, ECF No. 16; ECF No. 34.) On April 7, 2026, defense counsel filed Mr. Bryant's brief on the merits. (*Id.*, ECF. No. 37.)

On March 11, 2026, Mr. Bryant filed this action alleging that the Clerk's improper designation as a post-conviction filing denied him a copy of the court transcript and appointment of counsel. Mr. Bryant alleges this denial arises under the "Fifth Amendment – Due Process" and "Equal Protection/Access to Courts." (ECF No. 1, PageID #1.)

## GOVERNING LEGAL STANDARD

Although *pro se* pleadings are liberally construed and held to less stringent standards than pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment accorded *pro se* plaintiffs has limits, *see e.g., Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* litigants must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf or create claims for them. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

When deciding a motion to dismiss under Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the complaint. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  In reviewing the complaint, a Court must construe the pleading in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Legal conclusions and unwarranted factual inferences, however, are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 555; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## ANALYSIS

Plaintiff filed this civil rights complaint against a federal employee.  Therefore, this action is brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  *See Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004).  Congress provided a specific damages remedy for litigants whose constitutional rights were violated by State officials through 42 U.S.C. § 1983. However, Congress did not provide a corresponding remedy for constitutional violations by federal officials.  The Supreme Court recognized an implied cause of action against federal officials acting under color of federal law in three narrow circumstances:  (1) Fourth Amendment search and seizure (in *Bivens* itself); (2) Fifth Amendment gender discrimination (in *Davis v. Passman*, 442 U.S. 228 (1979)); and (3) Eighth Amendment cruel and unusual punishment (in *Carlson v. Green*, 446 U.S. 14 (1980)).  "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only

4

instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, 582 U.S. 120, 130–31 (2017).  And expanding *Bivens* remedies to other causes of action is "'disfavored.'" *Id.* at 135 (quoting *Iqbal*, 556 U.S. at 675). "'[I]n all but the most unusual circumstances, prescribing a cause of action is a job for Congress, not the courts.'" *Goldey v. Fields*, 606 U.S. 942, 942 (2025) (quoting *Egbert v. Boule*, 596 U.S. 482, 486 (2022)).

Therefore, in determining whether a cause of action can proceed under *Bivens*, the Court must engage in a two-step inquiry.  *Egbert*, 596 U.S. at 492; *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020).  First, the Court must determine whether the case falls within one of the three recognized causes of action or whether it presents a new context—that is, whether it is "meaningfully different from the three cases in which the [Supreme] Court has implied a damages action." *Egbert*, 596 U.S. at 492.  If presented with a new context, then, the Court must determine whether "'special factors counsel[] hesitation' in recognizing the new claim." *Callahan v. Federal Bureau of Prisons*, 965 F.3d 520, 524 (6th Cir. 2020) (quoting *Ziglar*, 582 U.S. at 139). Such factors include whether existing legislation governs the issue, whether the plaintiff has adequate alternative remedies available to him, whether recognizing a new claim would "interfer[e] with the authority of the other branches and whether the judiciary can competently weigh the costs and benefits at stake." *Id.* (citing *Ziglar*, 582 U.S. at 136, 143; *Hernandez*, 589 U.S. at 102.

Here, Plaintiff's complaint alleges claims in a new context not previously recognized under *Bivens*. Plaintiff alleges that this action "arises under … Fifth

Amendment – Due Process" and "Equal Protection/Access to Courts."  (ECF No. 1, PageID #1.)  However, it appears that Plaintiff alleges he was denied access to the courts.  He contends that "the Clerk denied Mr. Bryant the right to access the Courts as a result of her ministerial act."  (*Id.*, PageID #4.)  The right of access to the courts is rooted in the First Amendment.  *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 741 (1983) ("The right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances").  And the Supreme Court has previously held that there is no *Bivens* remedy for First Amendment claims: "Extending *Bivens* to alleged First Amendment violations would pose an acute risk of increasing" substantial social costs.  *Egbert*, 596 U.S. at 499; *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012) ("We have never held that *Bivens* extends to First Amendment claims."); *Iqbal*, 556 U.S. at 675.  Therefore, Plaintiff fails to state a First Amendment *Bivens* claim.

Plaintiff also states in a conclusory manner that his claim "is based upon the Clerk's misconduct, which violated her legal training in order to sweep the due process violation under the rug, and unreasonably burdened Plaintiff's right to petition the government for redress of grievances."  (ECF No. 1, PageID #5.)  Again, this claim sounds in the First Amendment; therefore, it is not a cognizable *Bivens* claim.  To the extent the Court can construe Plaintiff's claim as a denial of due process or equal protection under the Fifth Amendment, this claim also fails.

Although *Bivens* has been recognized as a remedy to redress a violation of equal protection under the Fifth Amendment's Due Process Clause, it has only been

6

done so in the context of a wrongful termination from federal employment based on gender discrimination.  *See Davis*, 442 U.S. at 234.  And other courts within the Sixth Circuit have declined to extend *Bivens* under the Fifth Amendment's equal protection component in new contexts.  *See, e.g., Harris v. Federal Bureau of Prisons*, No. 19-3585, 2020 WL 7586968, 2020 U.S. App. LEXIS 30275, at *3 (6th Cir. Sept. 22, 2020) (declining to extend *Bivens* to prisoner's "right-to-marry" claim brought under the equal protection component of the Fifth Amendment's due process clause); *Clemens v. United States*, No. 3:24-cv-1938, 2026 WL 799173, 2026 U.S. Dist. LEXIS 60106, at *17 (declining to extend a *Bivens* remedy to a Fifth Amendment claim concerning grievances against postal service employees); *Vickers v. Brennan*, No. 1:24-cv-1642, 2025 U.S. Dist. LEXIS 29052, at *5 (N.D. Ohio Feb. 19, 2025) (declining to extend a *Bivens* remedy to Fifth Amendment due process claims against attorneys in litigation cases); *Zelaya v. Hammer*, 516 F. Supp. 3d 778, 796 (E.D. Tenn. 2021) (declining to extend a *Bivens* remedy to plaintiffs' race-based equal protection claim under the Fifth Amendment).

Additionally, in considering any special factors that counsel against extending *Bivens*, the Court concludes that Plaintiff has other remedies available.  Plaintiff claims that he has been denied due process (or equal protection) under the Fifth Amendment because an improper appeal designation deprived him of a transcript and appointed counsel.  Plaintiff may address his right to the transcript and appointed counsel within the context of his pending action in the Sixth Circuit or in an appeal from that case.  Indeed, the record reflects that the Clerk in fact addressed

the docketing error, Plaintiff was provided a copy of the transcript, counsel was appointed, and Plaintiff's appointed counsel filed an appellate brief on his behalf. *See Bryant III.*  Therefore, Plaintiff fails to state a cognizable Fifth Amendment *Bivens* claim.

**CONCLUSION**

For these reasons, the Court **GRANTS** Defendant's motion to dismiss.

**SO ORDERED.**

Dated:  July 6, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio